BARÓN DU LAURENCE D'OISELAY *v*. APONTE, DISTRICT JUDGE.

APPLICATION for a Writ of *Certiorari*.

No. 11.—Decided April 30, 1906.

ACTION—DISMISSAL—APPEAL—FAILURE OF APPELLANT TO APPEAR.—Section 192 of the Code of Civil Procedure is applicable only to civil cases in the first instance, but not on appeal, where the real plaintiff is the appellant and is bound to appear in the appellate court to attack the judgment appealed from and show the injustice thereof; and if he fails to do so, it will be presumed that he is satisfied with such judgment and the appeal should be dismissed, the judgment appealed from being declared final.

ID.—EFFECTS OF FAILURE OF RESPONDENT TO APPEAR.—The respondent is not obliged to appear before the appellate court to defend the judgment appealed from; he may do so, but if he does not, the appeal will be proceeded with to judgment the same as if he had appeared; and this practice should be followed in the district courts in cases on appeal from municipal courts.

ID.—UNLAWFUL DETAINER.—Decisions rendered by district courts in appeals taken thereto in cases of unlawful detainer from municipal courts are not appealable to the Supreme Court.

The facts are stated in the opinion.

*Mr. López Landrón* for petitioner.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Barón du Laurence D'Oiselay, having instituted, through his general attorney in fact, Alberto de Baroncelli, on December 1, 1904, an action of unlawful detainer in the Municipal Court of Lares against Francisco Javier Soto, to compel

him to vacate an estate belonging to him which he had leased to the defendant for 63 *pesos* per annum, on account of non-payment of five yearly installments of the rental agreed on past due; and the defendant not having appeared to answer the complaint, notwithstanding that he had been cited in due time and form, the plaintiff having requested that judgment by default be entered, the court, by judgment of the 15th of said month of December, sustained the complaint and made the other necessary orders.

An appeal having been taken from this judgment by the defendant, Francisco Javier Soto, to the District Court of Aguadilla, and the municipal judge of Lares having transmitted to the said court the antecedents of the case, including the original record, with an official communication, dated December 29, 1904, and the following 23d of May having been set for the trial of the case on appeal, as the respondent, Baron du Laurence D'Oiselay, did not appear the appellant prayed for a judgment of nonsuit, with the costs, holding that the case was included under the provisions of subdivision 3 of section 192 of the Code of Civil Procedure, and the District Court of Aguadilla so held by order of the said 23d day of May, ordering the return of the record to the Municipal Court of Lares with a certified copy of this order, for the proper purposes, with the costs of the appeal against the respondent; that is to say, against Alberto de Baroncelli, as the attorney in fact of Baron du Laurence D'Oiselay.

Barón du Laurence D'Oiselay, through his counsel, Rafael López Landrón, has made an application to this Supreme Court for a writ of *certiorari* against the District Court of Aguadilla, alleging in support thereof that the District Court of Aguadilla had ordered a nonsuit entered in the appeal taken by Francisco Javier Soto, without either hearing it, or deciding it legally, and in violation of the provisions of law, and that the law did not authorize a second appeal from such a decision; on which grounds he closed by praying the court that by way of review, or in such manner as might be proper

in view of the antecedents of the matter which he prayed should be called for from the lower court, it set aside the order of May 23, 1905, of the District Court of Aguadilla, and ordered the said court to prosecute, hear upon the merits, and definitely decide the appeal taken in the action of unlawful detainer referred to.

The order requested calling for the transmission to this superior court of the record of the case having issued, and such record having been received, and a hearing upon the application having been had, it is now necessary for this court to render such decision on the merits of the case as it may deem proper and just.

Now then, the order or decision of May 23, 1905, by which the District Court of Aguadilla ordered a judgment of nonsuit to be entered against Barón du Laurence D'Oiselay, on account of his not having entered an appearance on the day set for trial, and on account of considering him to be included in the third subdivision of section 192 of the Code of Civil Procedure, was without doubt rendered in manifest error, because the District Court of Aguadilla has improperly applied the said section of the Code, which is applicable only in civil actions in the first instance, but not on appeal, in which the real plaintiff is the appellant, who is under the obligation of appearing in the appellate court to oppose the judgment appealed from and to prove its injustice, and failing to do so it is logical to assume that he agrees thereto, and that the appeal should be dismissed and the judgment appealed from declared final. But this is not the case with respect to the respondent, even though he be the plaintiff in the action. No law imposes upon the latter—that is to say, upon the respondent—the obligation of appearing to defend the judgment. He may do so if he wishes, and if he does not appear, the appeal is prosecuted without him and judgment rendered, as if he had been present. This is what should be done in district courts when they take cognizance of appeals from judgments rendered by municipal courts.

We therefore find that the decision of the Aguadilla court ordering judgment of nonsuit to be entered against Barón du Laurence D'Oiselay, on account of not having appeared the day set for the trial, notwithstanding the fact that he was the respondent, for which reason he was not required to appear, is wrong and in error; and as, on the other hand, against this order which finally deprived him of his right, he had no other adequate remedy to obtain reparation for the damage which such order caused him, because section 10 of the Act of March 9, 1905, establishing unlawful detainer proceedings and providing rules for appeals in proceedings of this character, provides that in unlawful detainer proceedings more than one appeal shall not be allowed in any case, which shall be taken to the district court from the judgments rendered by the municipal courts, and to the Supreme Court from the judgments rendered in the first instance by the district court, which act went into effect twenty days after its approval— that is to say, on the 29th of the said month of March, almost two months before the order of the following 23d of May, the subject of this application; for all these reasons the undersigned is of the opinion that the application for a writ of *certiorari* made by Attorney Rafael López Landrón on behalf of Barón du Laurence D'Oiselay should be granted, and, consequently, that the order or decision referred to of May 23d of last year should be set aside, the proceedings reverting to the condition in which they were at the time said order was made, and the District Court of Aguadilla being ordered to proceed to hear and decide the appeal taken by Francisco Javier Soto in the unlawful detainer proceedings referred to, as may be proper in accordance with law.

*Accordingly decided.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.